Wright, J.
The alternative writ sets forth that the Slavonska Lipa is an incorporated benevolent society; that upon the formation of the same the relator became a member and so continued, and in the enjoyment of the rights and privileges of such membership, until the 1st December, 1872; that on said date a regular meeting of the society was held, and by a majority vote of the body, relator was expelled from membership, and the vote was so recorded; that on 5th January, 1878, relator attended a regular meeting and endeavored to take part, but the president announced that he was no longer a member and refused to permit him to vote, and caused him to be removed from the place of meeting’by the marshal of the society, and he was thus forcibly expelled, and has ever since been denied ■all the rights and privileges of membership.
It is further set forth that the vote of expulsion, and the acts of the president and marshal, were not in pursuance *666 of the charter, constitution, or by-laws' of the society, but were without authority, and malicious; that the privileges of membership were and are valuable; that the society has property ; that membership thereof entitles relator to a certain weekly stipend in case of sickness, and in event of death, his widow and children would be entitled to certain pecuniary lights, and that relator has contributed largely to the means of the society. It is asked that the society restore relator to the membership lost, or show cause.
It is not necessary to set forth at large the statements of the answer, further than to say that it appears to detail a case of contested election. At a meeting of the society, or some of its members, a certain individual was said to be elected president. A portion of this society held this election invalid, but the one declared president under it proceeded to replevy the seal and regalia. The relator went security upon the replevin bond, and for this he was expelled.
The answer shows that before the commencement of this-proceeding, relator had begun an action in the Common Pleas of Cuyahoga county to recover damages for his said expulsion.
A demurrer is filed to this answer. There is quite am amount of testimony taken and upon file, and the cause is submitted by counsel upon the depositions, exhibits, and papers in the case.
It appears from the evidence that the relator had no notice of the action proposed to be taken, and was ignorant of the fact of his expulsion, until after it occurred. The meeting at which the vote was taken was a regular oner which it was the duty-of members to attend, but relator was absent on account of sickness.
It appears that relator instituted an action for damages, and the petition and answer in that case, which are on file,, show that the cause of action consists of the same grievances set forth in this proceeding. Indeed, the petition in that case is almost a literal copy of the alternative writ.. *667 In that action relator recovered a judgment for $275, and' the cause is now pending in error in the district court.
How far this court will interfere by mandamus to restore-a party to membership in an incorporated company, or whether it will interfere at all, we do not find it necessary now to inquire. This power seems to have been. exercised in some of the cases cited by relator’s counsel. Mandamus does not lie when there is an adequate remedy at law; and if relator had brought his action for precisely the same wrongs as are set up in the alternative writ, and had recovered a judgment, and obtained the money upon that judgment, it is evident that he has had an adequate remedy at law. The gravamen of his action is, that by the expulsion he has lost all the rights and privileges of membership. That being true, the satisfaction of his judgment is compensation for all he has lost, and nothing remains for which he can complain further.
But without such judgment, if he brings his action for these causes, that action is based upon the theory that he has lost membership and all its rights, and that he can not be restored thereto ; otherwise he has no cause of action. If his rights are not gone, and gone irrevocably, his petition is not true when it says he ha,s been deprived of those rights. In bringing such action, therefore, in order to-maintain it, he necessarily abandons all interest in the society.
It is very evident that if this mandamus should restore-him to membership and all that he had lost, he could not continue to insist in his pending suit that he had been deprived of the privileges appertaining to that membership.
The bringing of such an action, therefore, is an assumption which takes away all ground for this writ, if it otherwise had any, and must be held a waiver of the right to-the remedy now sought.

Peremptory writ refused.